IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTY MARIE CAMP,

    Petitioner,                    No. 06-CV-1906 ALA HC

    vs.

TINA HORNBECK,

    Respondent.                  <u>ORDER</u>

_____/

    Petitioner is a California state prisoner proceeding pro se pursuant to an application for writ of habeas corpus under 28 U.S.C. § 2254. On May 2, 2007, the Court issued an order, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, directing respondent to file either an answer to Ms. Camp's petition or a motion to dismiss the petition. (Doc. 5.) On June 28, 2007, Respondent filed a motion to dismiss and a request for an extension of time in which to file an answer. (Doc. 9.) Thereafter, on August 24, 2007, Petitioner filed a motion entitled "Motion for Entry of Judgement Pursuant to Local Rule 7-12 (Central District) "Failure to File

-1-

Required Papers." (Doc. 12.)   After reviewing these motions, the Court now rules.

**1. Background Facts**

In May 1989, Petitioner was convicted of second degree murder and sentenced to fifteen years to life, plus a one year enhancement for use of a weapon, for a total term of sixteen years to life. On December 30, 2003, Petitioner appeared before the Board of Parole Hearings ("the Board") for a parole consideration hearing. The Board found Petitioner suitable for parole, subject to final review and approval by the Governor. On May 18, 2004, the Governor reversed the Board's decision. On June 1, 2005, Petitioner appeared before the Board for a subsequent parole consideration hearing. The Board found Petitioner unsuitable and denied parole.

On November 10, 2005, Petitioner filed a Petition for Writ of Habeas Corpus in the San Bernardino County Superior Court challenging the May 2004 decision of the Governor, and the June 2005 decision of the Board, both resulting in a denial of parole. The basis for the Petition was that there was no evidence to support the decisions. The Superior Court denied the Petition on November 28, 2005.

On December 22, 2005, Petitioner filed a Petition in the California Court of Appeal, Fourth Appellate District, raising the same challenges as those raised in the Superior Court. The Court summarily denied the Petition on January 5, 2006.

Petitioner pursued her state court remedies by filing a Petition in the California Supreme Court on March 2, 2006. This Petition raised the same issues as in the two lower courts. The Petition was denied on November 15, 2006.

On December 29, 2006, Petitioner filed the Petition that is before this Court. She challenges the Governor's May 2004 decision, which reversed the Board's grant of parole, and the Board's June 2005 decision denying parole.

**2. Motions**

    **a. Motion to Dismiss and Request for Extension of Time to File**

In her motion to dismiss, Respondent argues that Petitioner's claims stemming from the Governor's May 2004 decision are barred by the applicable one-year statute of limitations. The Court agrees.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides a one-year statute of limitations period, which begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). It also provides, however, that "[t]he time during which a properly filed application of State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under thus subsection." 28 U.S.C. § 2244(d)(2).

Here, the statute of limitations on any claims based upon the Governor's May 18, 2004 decision began to run on May 19, 2004, and expired on May 19, 2005. Petitioner, however, did not file her habeas petition in the Superior Court until November 10, 2005. The tolling statute does not apply because her state court petitions were filed after the expiration of the statute of limitations. Consequently, Petitioner's claims stemming from the Governor's May 2004 decision are time barred.

Respondent also requests an extension of time of thirty (30) days to file an answer in this matter on Petitioner's claims that remain after this Court rules on her motion to dismiss. Finding good cause for such request, Respondent's application for an extension of time to file by twenty-eight (28) days is granted. Respondent may file an answer on or before September 26, 2007.

    **b. Motion for Entry of Judgment**

Petitioner asserts in her motion that default judgment should be granted in her favor because the Respondent has failed to file a responsive pleading in reference to her claims that

1 were not considered in Respondent's motion to dismiss.  As noted above, the Respondent timely
2 filed a motion to dismiss in this matter.  In addition, the Respondent requested an extension of
3 time in which to file an answer, which this Court shall grant.  Thus, Petitioner's arguments are
4 without merit.

      In accordance with the above, IT IS HEREBY ORDERED that:

      1. Respondent's motion to dismiss Petitioner's claims stemming from the Governor's May 2004 decision (Doc. 9) is GRANTED;

      2. Respondent's request for an extension of time to file an answer (Doc. 9) is GRANTED.  Respondent must file an answer in this matter regarding Petitioner's remaining claims on or before September 26, 2007;

      3. Petitioner's motion for entry of judgment (Doc. 12) is DENIED.

DATED: August 29, 2007

                                      /s/ Arthur L. Alarcón
                                      UNITED STATES CIRCUIT  JUDGE
                                      Sitting by Designation